1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Eric Joseph Natzel,                         No. CV-12-01889-PHX-DJH

10                        Petitioner,            **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                        Respondents.

14

15          This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus

16   pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R")

17   issued by United States Magistrate Judge Michelle H. Burns (Doc. 24).  Petitioner raised

18   four grounds for relief in the Petition.  In the Reply, however, he withdrew Grounds One,

19   Three and Four.[1]  (Doc. 23).  Thus, as the Magistrate Judge did, this Court will only

20   consider Petitioner's claim in Ground Two.  Petitioner alleges in Ground Two that his

21   trial counsel rendered ineffective assistance by failing to request a lesser-included offense

22   jury instruction regarding the first of two child abuse counts charged against him.  After a

23   thorough analysis, the Magistrate Judge determined that the Arizona State courts'

24   rejection of Petitioner's claim was not contrary to or an unreasonable application of the

25   standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Accordingly, the

26   _____

27          [1] The Petition was filed *pro se*.  After Respondents filed their Answer to Petition
     for Writ of Habeas Corpus (Doc. 12), Attorney Guy F. Brown filed a notice of
28   appearance on Petitioner's behalf.  (Doc. 17).  Through counsel, Petitioner then filed his
     Reply.  (Doc. 23).

1  Magistrate Judge recommends the Petition be denied.  (Doc. 24 at 10).

2  Petitioner filed an Objection to the R&R ("Objection") (Doc. 29) on February 24,

3  2014.  Respondents then filed a Response to Petitioner's Objection (Doc. 35) on May 5,

4  2014.  Petitioner subsequently filed a Reply to Respondents' Response (Doc. 36) on May

5  19, 2014.  The R&R did not authorize a reply and Petitioner did not seek leave to file

6  one.  Out of an abundance of caution, however, the Court has considered it.

7  **I.  Background**

8  The Magistrate Judge set forth a full procedural and factual background in the

9  R&R.  The Court need not repeat that information here.  Moreover, Petitioner has not

10  objected to any of the information in the background section.  *See Thomas v. Arn*, 474

11  U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. §

12  636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the

13  subject of an objection.")

14  **II.  Analysis**

15  Petitioner raises three issues in his Objection.   First, Petitioner claims the

16  Magistrate Judge erred by failing to address Respondents' assertion of a procedural bar to

17  Plaintiff's claim and proceeding directly to the merits.   Second, Petitioner claims the

18  Magistrate Judge erred in determining that trial counsel's decision not to request a lesser-

19  included offense instruction was a reasoned choice to pursue an "all or nothing" defense.

20  Third, Petitioner claims the Magistrate Judge erred by failing to order an evidentiary

21  hearing.

22  The district judge "shall make a de novo determination of those portions of the

23  report or specified proposed findings or recommendations to which objection is made."

24  28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must

25  determine de novo any part of the magistrate judge's disposition that has been properly

26  objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).   The judge "may

27  accept, reject, or modify, in whole or in part, the findings or recommendations made by

28  the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**A.  Procedural Bar**

According to Petitioner, the Magistrate Judge erred by proceeding directly to the merits of his ineffective assistance claim rather than first addressing the procedural bar argument asserted by Respondents.  Petitioner claims that Respondents' assertion of a procedural bar was so "grossly erroneous and improper" that it called into question the quality of Respondents' subsequent analysis of the merits of Petitioner's claim.  (Doc. 29 at 5 n.1).  Petitioner claims the Magistrate Judge "consciously and deliberately elected to evade any written analysis of the alleged procedural bar . . . ."  (Doc. 29 at 5).

The Court finds no error in the Magistrate Judge's decision to proceed directly to the merits without addressing Respondents' asserted procedural bar.  Addressing the merits of a habeas case without first considering a procedural bar is authorized by statute, which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(a)(2).  In addition, case law establishes that a federal court may proceed to the merits without addressing an alleged procedural bar. *See Flourney v. Small,* 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of procedural bar prior to any consideration of the merits on habeas review, we are not required to do so when a petition clearly fails on the merits."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[A]ppeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar.").

Moreover, the Magistrate Judge's decision to proceed directly to the merits in no way harmed Petitioner.  Even if the Magistrate Judge had considered the procedural bar asserted by Respondents and found it to be "grossly incorrect" as Petitioner claims, the remedy was to reject the procedural bar and proceed to the merits.  Although the Magistrate Judge did not expressly reject the procedural bar, the decision to proceed directly to the merits had the same effect as if the procedural bar had been rejected. Petitioner's objection on this basis is rejected.

### B.  Merits of Claim

Next, Petitioner argues the Magistrate Judge erroneously found that trial counsel's decision not to request a lesser-included offense instruction on one of the charged offenses was a reasoned decision based on an "all or nothing" strategy.  Petitioner does not object to the Magistrate Judge's discussion of the relevant legal standards, including the strict standards to establish ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984) and the highly deferential standard for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (*See* R&R at 5-8).  Rather, Petitioner claims the Magistrate Judge "engaged in an improper evaluation of the state trial and appellate courts' treatment of Petitioner's ineffective assistance of counsel claim."  The Court disagrees.

As noted above, Petitioner claims his trial attorney rendered ineffective assistance by failing to request a lesser-included offense jury instruction regarding the first of two child abuse charges.  The first child abuse offense with which Petitioner was charged requires that the conduct be done intentionally or knowingly.[2]  *See* A.R.S. § 13-3623(A)(1).  Petitioner contends his attorney should have requested a lesser-included instruction pursuant to A.R.S. § 13-3623(A)(2), which provides that if the offense is committed recklessly or negligently, the offense level is reduced and the potential punishment is less.

Under the AEDPA, a habeas corpus petition cannot be granted unless the State court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).  The petitioner bears the burden of proving the standards for habeas relief have been met.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  When applying this highly deferential standard of

---

[2] The second child abuse charge is less serious and based on different conduct than the first offense and is not part of Petitioner's claim.

review, "the federal court should review the 'last reasoned decision' by a state court …." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Accordingly, the Court has reviewed the Memorandum Decision issued by the Arizona Court of Appeals on May 2, 2012. (Doc. 12, Exh. J). That decision was issued after Petitioner filed a Petition for Review of the trial court's denial of his petition for post-conviction relief. (Doc. 12, Exh. H, I).

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The prejudice component "focuses on the

question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id.* at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the State court applied *Strickland* incorrectly. *Bell*, 535 U.S. at 698-99. Rather, a petitioner must show the State court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

In its Memorandum Decision, the Arizona Court of Appeals rejected Petitioner's claim that the trial court failed to consider his ineffective assistance claim when it denied his petition for post-conviction relief. (Doc. 12, Exh. J at 5). The Court of Appeals stated:

> We presume the court rejected the claim that trial counsel had been ineffective in this regard because it denied the petition. Additionally, we reject [Petitioner's] apparent suggestion that we can infer the court did not consider this claim because the state conceded error on this issue and the court had stated in its minute entry it had denied the petition for post-conviction relief for the reasons set forth in the state's response. The state did not concede counsel had been ineffective for not requesting the instruction; it asserted counsel had made a reasonable tactical decision, which is not a viable basis for granting relief.

1    (*Id.*)[3]  Thus, the Court of Appeals affirmed the denial of Petitioner's claim because trial

2    counsel had made a reasonable tactical decision not to request the lesser-included offense

3    instruction.

4          Here, the Court finds Petitioner has failed to demonstrate that the Court of Appeals

5    decision affirming the trial court was contrary to, or involved an unreasonable application

6    of, clearly established Supreme Court law, or was based on an unreasonable

7    determination of the facts.  *See* 28 U.S.C. § 2254(d)(1), (2).  Petitioner, for example,

8    asserts in his Objection that "[i]f the failure to seek a lesser-included jury instruction was

9    the result of a mistaken belief on the part of defense counsel, that failure cannot possibly

10   constitute a legitimate tactical choice."  (Doc. 29 at 7).  Petitioner, however, presents no

11   evidence to show counsel's decision was the result of a mistaken belief.  Rather, the

12   evidence in the record supports the conclusion reached by the State court, that it was a

13   reasonable tactical decision.  (Doc. 12, Exh. M at 52-112 (defense counsel's closing

14   argument)).

15         Petitioner at no point in the trial presented any evidence or argument to indicate he

16   acted negligently or recklessly.[4]  Petitioner's defense was that his daughter's death was

17   the result of a horrible accident in which she climbed into the toy box to play and the lid

18   closed, thereby trapping her and causing her to suffocate.  He presented a starkly different

19   set of facts from the State, which alleged Petitioner forced his daughter into the toy box

20   and closed the lid.  Petitioner maintained this defense throughout the trial, including

21   closing argument.  Petitioner never suggested he did anything, negligently, recklessly, or

22   otherwise, to contribute to his daughter's death.  The record supports the conclusion that

23   the defense strategy was to present two unambiguously different scenarios for the jury.

24

25         [3] As referenced in the Court of Appeals decision, the trial court summarily
      dismissed Petitioner's post-conviction relief petition, including the ineffective assistance

26    claim, "[f]or the reasons stated in the State's written response."  (Doc. 12, Exh. H).

27         [4] As the Magistrate Judge noted, "although there was some testimony presented at
      trial suggesting that it was theoretically possible that noise the victim made while locked

28    inside the toy box could have been heard within the residence, Petitioner never claimed,
      as a defense, and there was no evidence suggesting that he heard the screams but merely
      chose to ignore them."  (Doc. 24 at 9).

The record further supports that trial counsel acted consistently with that strategy and, as the State court concluded, made the reasonable decision not to request a lesser-included offense instruction, thus avoiding the risk of distorting the clear picture he was attempting to present.

Additionally, the timing and manner of defense counsel's decision to withdraw the instruction supports the State court's conclusion that it was a reasonable tactical decision. The record reflects that trial counsel withdrew the lesser included instruction after nearly all of the evidence in the trial had been presented. (Doc. 12, Exh. S at 146). This is not a situation where counsel failed to consider a lesser included instruction. Instead, the instruction had apparently previously been requested and counsel withdrew the request shortly before the close of evidence. (Doc. 12, Exh. S at 146). This suggests a strategic decision to pull the instruction based on the absence of any evidence to support it, and maintain the defense theory that the incident was purely an accident for which Petitioner bore no responsibility.

By failing to present evidence, in the form of affidavits or otherwise, to show his attorney's decision was not a reasonable tactical decision, Petitioner has failed to overcome the strong presumption under *Strickland* that counsel rendered adequate assistance and exercised reasonable professional judgment. Although Petitioner claims throughout his Objection that counsel's decision not to seek the lesser-included instruction was based on a "mistaken belief," that claim appears to be based on nothing more than speculation. Such speculation is insufficient to overcome *Strickland's* presumption. For these reasons, the Court concludes Petitioner has failed to show that the State court's decision denying his ineffective assistance claim satisfies the standards for habeas relief. Thus, Petitioner's objection that that Magistrate Judge erred in reaching this same conclusion is rejected.

### C. Evidentiary Hearing

Lastly, Petitioner claims he is entitled to an evidentiary hearing. Petitioner did not, however, request an evidentiary hearing in his Petition, Memorandum, or Reply.

1    (*See* Doc. 1 at 11; Doc. 2 at 37; Doc. 23).  Consequently, the Magistrate Judge did not

2    address the issue in the R&R.  Because the issue is raised for the first time in Petitioner's

3    Objection, the Court declines to consider it because it has not been fairly presented for

4    adjudication.  *See Brown v. Roe*, 279 F.2d 742, 744 (9th Cir. 2002) (holding that a district

5    court is not required to consider claims raised for the first time in a party's objection to a

6    magistrate judge's recommendation).

7        Even if the Court considered Petitioner's claim that he is entitled to an evidentiary

8    hearing, it would be denied.  The standard for holding an evidentiary hearing in a habeas

9    case is set forth in 28 U.S.C. § 2254(e)(2), which states:

10       If the applicant has failed to develop the factual basis of a claim in State
11       court proceedings, the court shall not hold an evidentiary hearing on the
         claim unless the applicant shows that –

12           (A) the claim relies on - (i) a new rule of constitutional
13           law, made retroactive to cases on collateral review by the
             Supreme Court, that was previously unavailable; or (ii) a
14           factual predicate that could not have been previously
             discovered through the exercise of due diligence; and

15           (B) the facts underlying the claim would be sufficient to
16           establish by clear and convincing evidence that but for
             constitutional error, no reasonable factfinder would have
17           found the applicant guilty of the underlying offense.

18       Evidentiary hearings, however, are not authorized for claims adjudicated on the

19   merits in the State court.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-1401 (2011).  Such

20   claims are subject to review under § 2254(d)(1), which asks whether a State court's

21   decision on the claim was contrary to, or an unreasonable application of, clearly

22   established federal law.  *Id.* at 1398.  "[R]eview under § 2254(d)(1) is limited to the

23   record that was before the state court that adjudicated the claim on the merits."  *Id.*

24   Evidence introduced in federal court would, therefore, have no bearing on the Court's

25   review under § 2254(d)(1).  *Id.* at 1400.  As a result, evidentiary hearings pursuant to 28

26   U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in State court.  *Id.* at

27   1401.

28       As the above analysis demonstrates, the State court adjudicated Petitioner's

ineffective assistance claim on the merits.   Applying § 2254(d)(1), this Court has determined that the State Court of Appeals decision affirming the trial court was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law.   Under *Pinholster*, the Court's analysis was limited to the record before the State court that decided the claim on the merits.  The Court could not consider any newly presented evidence.   Petitioner is, therefore, not entitled to an evidentiary hearing to present new evidence.

## III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 24) is **accepted** and **adopted**.  Petitioner's Objections (Doc. 31) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 15th day of August, 2014.

Diane J. Humetewa
United States District Judge